

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-15-00068-CR

---

DESMOND JUWON WOODS, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 76th District Court
Morris County, Texas
Trial Court No. 10,976CR

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

A jury convicted Desmond Juwon Woods of theft of copper wire having a value of less than $20,000.00. *See* Act of May 9, 2011, 82d Leg., R.S., ch. 120, § 1, sec. 31.03(e)(4)(F)(iii), 2011 Tex. Gen. Laws 608, 608 (amended 2015) (current version at TEX. PENAL CODE ANN. § 31.03(e)(4)(F)(iii) (West Supp. 2015)). Woods was sentenced to two years' imprisonment. In his sole point of error on appeal, Woods challenges the sufficiency of the evidence supporting the jury's finding of guilt.[1] Because we find that sufficient evidence supports Woods' conviction, we affirm the trial court's judgment.

The standard of review for evaluating the sufficiency of the evidence is well established.[2] Pursuant to its indictment, the State was required to prove that (1) Woods (2) appropriated copper tubing (3) valued at less than $20,000.00 (4) without the effective consent of the owner, Alice Bullock, (5) with intent to deprive Bullock of the copper tubing. *See* TEX. PENAL CODE ANN. § 31.03(a), (b) (West Supp. 2015); Act of May 9, 2011, 82d Leg., R.S., ch. 120, § 1, sec.

---

[1]In companion cause number 06-15-00063-CR, Woods also appeals from a conviction of criminal mischief causing a pecuniary loss of $20,000.00 or more, but less than $100,000.00.

[2]In evaluating sufficiency of the evidence, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). Our rigorous sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring). We examine sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The "hypothetically correct jury charge" is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*. at 240.

31.03(e)(4)(F)(iii), 2011 Tex. Gen. Laws 608, 608 (amended 2015). In this case, Woods challenges only the element of identity.

In our opinion in companion cause number 06-15-00063-CR, we set forth the evidence on which Woods' conviction of theft of copper wire from Bullock's chicken houses was based. As discussed in the companion case, the evidence was sufficient to establish that Woods was the perpetrator of the crime. Consequently, we overrule Woods' sole point of error on appeal.

We affirm the trial court's judgment.


Ralph Burgess
Justice


Date Submitted:     December 22, 2015
Date Decided:       December 29, 2015

Do Not Publish